Filed 8/26/16  P. v. Dilworth CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES JAMESON DILWORTH,<br><br>    Defendant and Appellant. | G051552<br><br>(Super. Ct. No. 12HF1926)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Reversed and remanded.  Request for judicial notice.  Granted.

Thea Greenhalgh, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

The trial court reduced defendant Charles Jameson Dilworth's felony conviction for possession of a controlled substance to a misdemeanor. Pursuant to Penal Code section 1170.18, subdivision (a), the trial court imposed a one-year parole term. Because defendant was discharged from postrelease community supervision (PRCS) on the day he filed his petition to reduce his felony conviction, he had completed his sentence and should have been resentenced without imposition of a parole term pursuant to Penal Code section 1170.18, subdivision (f). We reverse the trial court's postjudgment order and remand for resentencing.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant was charged in an information with one felony count of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), and one misdemeanor count of possession of controlled substance paraphernalia (*id.*, § 11364.1, subd. (a)). The information also alleged a prior serious and violent felony conviction. (Pen. Code, §§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1).) Defendant pled guilty to both counts, and admitted the prior conviction allegation. The prosecution moved to strike the prior conviction, and the trial court exercised its discretion in granting the motion. The court placed defendant on three years' formal probation.

Defendant admitted violating his probation, and the trial court found him in violation and terminated his probation. The court then sentenced defendant to 16 months in state prison. In September 2013, defendant was released to PRCS for a period of three years.[1]

---

[1] The Attorney General filed a request for judicial notice of two documents: the Orange County Probation Department notice of supervision for defendant, and the Orange County Probation Department notice of discharge of defendant. Defendant did not object to the Attorney General's request. These documents are the proper subject of judicial notice, pursuant to Evidence Code section 452,

In February 2015, defendant filed a petition to reduce his felony conviction to a misdemeanor, pursuant to Penal Code section 1170.18.  The petition was granted, and the trial court imposed a 365-day county jail sentence, with 365 days' custody credit.  The court also ordered defendant be placed on parole for one year.  Defendant timely filed a notice of appeal.

## DISCUSSION

Defendant contends the trial court erred by ordering him to serve a one-year parole period.  He argues that because he had completed his prison term, he came within Penal Code section 1170.18, subdivision (f), which does not authorize the imposition of a one-year parole period.  The Attorney General argues that defendant was properly resentenced under Penal Code section 1170.18, subdivision (a), and a parole term was properly imposed because defendant was still serving his sentence at the time he filed his petition for resentencing.  The Attorney General also argues that because defendant was still on PRCS when he filed his petition, he had not completed his sentence and was not eligible for resentencing under Penal Code section 1170.18, subdivision (f).

We reverse the trial court's postjudgment order.  The documents of which we have taken judicial notice, at the Attorney General's request, show that defendant was discharged from PRCS on February 25, 2015, which is the same date he filed his Proposition 47 petition.  Therefore, defendant had completed his sentence at the time he filed his petition, and the trial court did not have the authority to impose a one-year parole term.

We remand the case to the trial court to correctly resentence defendant pursuant to Penal Code section 1170.18, subdivision (f).  In light of the remand for

subdivision (c), as official acts of an administrative agency.  The documents are relevant to determining whether defendant was still serving his sentence when the trial court granted his petition.  Therefore, we grant the request for judicial notice.

3

resentencing, defendant's argument that the court erred in failing to reduce his fines under Penal Code sections 1202.4 and 1202.45 is moot.

DISPOSITION

The postjudgment order is reversed and the matter is remanded to the trial court for resentencing.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.

4